UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: VICTOR TALBOTT,

Debtor.

Bankruptcy No. 05 B 9696
Chapter 7

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR SANCTIONS AND ORDER FOR CONTEMPT

This matter comes before the Court on the Motion for Sanctions and Order of Contempt brought by Victor E. Talbott, the debtor (the "Debtor"), against his former spouse, Barbara Talbott (the "Respondent"), and her attorney, Tracie Jablonsky.

### BACKGROUND

The Respondent has not filed a response to the motion for sanctions. The Respondent only sought leave to do so after this Court took this matter under advisement; accordingly, the request was denied. Thus, to the extent that relevant allegations in the Debtor's pleadings are uncontroverted and supported by attached exhibits, this Court will accept them as true. While briefs and exhibits unsupported by affidavits do not constitute evidence, in the absence of any objection to their admissibility this Court will address the issues as framed by the pleadings. See In Re Early, 305 B.R. 837 at fn.1 (Bank. N.D. Ill. 2004).

The Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on March 17, 2005. On April 4, 2005, Barbara Talbott, through her

attorney, Tracie Jablonsky, filed a petition for rule to show cause in Kane County case no. 03 DK 1646 which was returnable on April 28, 2005.  On April 21, 2005, the Debtor's attorney filed a motion to quash the rule to show cause in state court.  It appears that on April 28, 2005, the motion to quash was granted based on the state court's determination that it lacked jurisdiction due to the automatic stay provisions of § 362.

The Debtor contends that the actions taken by the Respondent through her attorney were in violation of the automatic stay imposed by § 362.  The Debtor asserts that his attorney, Peter O. Muldoon, presented Attorney Jablonsky with both oral and documentary proof of the Debtor's filing and of the automatic stay in open court on April 4, 2005. Accordingly, the Debtor asserts that the actions of Attorney Jablonsky and the Respondent were willful and in complete contempt of the Bankruptcy Code's stay provisions.  The Debtor prays for attorneys fees and lost wages in light of the Notice to compel appearance and produce at hearing which were served on his counsel on April 25, 2005, as well as punitive damages.

## DISCUSSION

Section 362 provides, in relevant part, that a petition filed operates as a stay to the commencement or continuation of a judicial or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case and the enforcement, against the debtor or

against property of the estate, of a judgment obtained before the commencement of the case. 11 U.S.C.A. § 362(a)(1), (2). The petition for rule to show cause and the rule issued pursuant to it on April 4, 2005, is clearly the continuation of a proceeding against the debtor.

However, § 362(b)(2)(B) provides that the automatic stay imposed by subsection a does not stay the collection of alimony, maintenance, or support from property that is not property of the estate. When a violation of the stay occurs, "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C.A. § 362(h). "Willfulness under § 362(h) requires knowledge that a formal bankruptcy petition has been filed, whether through formal notice or otherwise." *In re Fridge*, 239 B.R. 182, 190 (Bankr. N.D. Ill.1999) (citation omitted). "A 'willful violation' does not require a specific intent to violate the automatic stay." *In re Price*, 42 F.3d 1068, 1071 (7th Cir.1994).

In the Respondent's state court pleadings she cites § 523(a)(5) of the U.S. Bankruptcy Code for the proposition that any debt to a spouse, former spouse or child of the debtor for alimony, maintenance, support of such spouse or child in connection with a separation agreement, divorce decree or other order of court of record is excepted from discharge. The question before the state court, however, was not whether the debt was excepted from discharge, but whether the

-3-

automatic stay precluded the state court from proceeding any further.

The petition in the state court action essentially sought three different types of relief-- (1) that the Debtor provide proof of life insurance; (2) that the Debtor reimburse the Petitioner for uncovered medical expenses on behalf of the minor children as set forth in the judgment of dissolution of marriage as well as therapy costs for a minor child named Jason; and (3) for reasonable attorneys fees and costs incurred in the bringing of the state court petition.

Compliance with the first item does not involve either the recovery of a claim or collection of a debt against the Debtor but merely seeks proof of insurance. It is clearly not a violation of the automatic stay. As to the second item, it is well settled in the Seventh Circuit that medical expenses are considered to be in the nature of support even when they are owed to a third party. See *In re Seibert*, 914 F.2d 102, 106-07 (7th Cir. 1990). The court further held that expenses incurred in seeking child support are to be considered part of the underlying obligation and, thus, are also excepted from discharge. *Id.* at 107. Therefore, the third item also constitutes the collection of child support.

The collection of maintenance or support, however, is only excepted from the automatic stay when it is not from property of the estate. 11 U.S.C.A. § 362(b)(2)(B). Section 541 of the Bankruptcy Code defines property of the estate broadly. The estate is created upon the filing of a petition for relief and encompasses "all legal or equitable interests of the debtor in property as of the

-4-

commencement of the case." Subsection (a)(6), however, expressly excludes "services performed by an individual debtor after the commencement of the case." 11 U.S.C.A. § 541(a)(6). Thus, post-petition earnings of a chapter 7 debtor are excluded from property of the estate. *In re Hellums*, 772 F.2d 379, 381 (7th Cir. 1985).

In the present case, the record consists entirely of pleadings and exhibits incorporated thereto and arguments of counsel. There is nothing in the record that indicates the Respondent was seeking to obtain child support from assets of the estate. The rule was entered on April 4, 2005, and was returnable on April 28, 2005. Subsequently, on April 29, 2005, the Chapter 7 trustee issued a no asset report. The Respondent sought payment of medical bills. Presumably, payment would inure from post-petition earnings. Without any proof that the Respondent sought recovery from property of the estate, this Court cannot find that her actions were subject to the automatic stay. Because the Debtor failed to establish that property of the estate was involved, he has failed to establish a violation of the stay imposed by § 362. Therefore, while it may have been more cautious to seek relief from the stay from the Bankruptcy court, the Respondent's action fall within the § 362(b)(2)(B) exception.

## CONCLUSION

 Section 362(a) operates as a stay to the continuation of a judicial proceeding against the debtor. However, § 362(b)(2)(B) excepts actions for the

collection of support from property that is not property of the estate from the automatic stay imposed by subsection (a). The state court action sought payment of items which have been held to constitute child support. The Debtor has not met his burden to establish that the Respondent sought recovery from property of the estate. Therefore, her actions were excepted from the automatic stay. Accordingly, the motion for sanctions and order of contempt are denied.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.

Entered: August 23, 2005

MANUEL BARBOSA
United States Bankruptcy Judge